**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1207

NIDIA ACEVEDO,

Plaintiff, Appellant,

v.

JOHNSON & JOHNSON,
JANSSEN PHARMACEUTICAL,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella, Circuit Judge,
and Baldock,[*] Senior Circuit Judge.

Wilma E. Reverón-Collazo for appellant.
Anabel Rodríguez with whom Carl Schuster, Rafael Lázaro-Castro and Schuster Usera & Aguiló, LLP were on brief for appellee Janssen Ortho, LLC.

September 5, 2003

---

[*]Of the Tenth Circuit, sitting by designation.

**Per Curiam**.  This is an appeal in a gender discrimination case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e (2000).  Applying the familiar McDonnell-Douglas framework, the district court determined that plaintiff Nidia Acevedo had established a prima facie case of gender discrimination against her former employer, Johnson & Johnson Janssen Pharmaceutical ("Janssen"), based primarily on four occasions when Janssen promoted or appointed men instead of Acevedo to positions sought by the latter and for which she was arguably qualified.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

However, under McDonnell Douglas all that a prima facie case does in the first instance is shift the burden to the employer to offer legitimate non-discriminatory reasons for the challenged actions.  411 U.S. at 802-03.  Here the district court determined that Janssen had offered "ample evidence" to fulfill its burden by providing plausible non-discriminatory reasons for the company's decisions in each of the four instances.  Indeed, according to the district court, the evidence suggested that the men selected over Acevedo were actually "better qualified for the positions" than she was.

Weighing the company's motion for summary judgment, the district court determined that Acevedo had not provided sufficient evidence to permit a reasonable jury to conclude that Janssen's articulated reasons for the controverted decisions were pretextual

-2-

or that the company acted at least in part with discriminatory animus. See Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 673-74 (1st Cir. 1996). The district court therefore granted summary judgment to Janssen. Acevedo now appeals, and our review is de novo. Gu v. Boston Police Dep't, 312 F.3d 6, 10 (1st Cir. 2002).

That a qualified woman was passed over four times in favor of men is certainly a useful foundation for building a gender discrimination case; but in this instance the company provided plausible and supported reasons for its conclusions that the men were even better qualified. Acevedo could have sought to show that the explanations were false or implausible and she might then at least have argued that the false explanations and the foundation together comprised enough evidence to get to a jury. But the explanations were not effectively countered.

Or alternatively she could have sought to show that there was independent evidence of gender bias associated with one or more of the decisions. Yet, though she bore the burden of proof to show intentional discrimination, Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 256 (1981), she did not persuasively pursue this course either; we have considered the arguments on this point made in her brief but agree with the district court that a jury could not rationally conclude that gender discrimination was at work.

The surrounding circumstances also work against Acevedo's claim. The "all boys club" of upper-level managers to which

-3-

Acevedo repeatedly refers had at least one high-ranking female member, Juanita Hawkins. When later in the saga Acevedo's responsibilities were significantly pruned to allow her to focus on her core activities--admittedly well performed--many of the reallocated tasks were given to another woman. And when Acevedo announced that she was quitting, Janssen managers apparently made strenuous efforts to persuade her not to leave. None of these elements precludes gender discrimination; but their presence, in the absence of any affirmative evidence of gender based animus, makes this a very straightforward case.

Affirmed.